## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SYLVIA WONASUE ) 
15808 Erwin Court ) 
Bowie, Maryland 20716, ) 
                            )    Civil Action No.: _____
      *Plaintiff,* ) 
                            ) 
      v. )    **COMPLAINT &**
                            )    **DEMAND FOR TRIAL BY JURY**
UNIVERSITY OF MARYLAND ALUMNI ) 
ASSOCIATION, INC. ) 
Samuel Riggs IV Alumni Center ) 
College Park, Maryland 20742, ) 
                            ) 
Serve on Resident Agent, ) 
Danita D. Nias, Executive Director ) 
Samuel Riggs IV Alumni Center ) 
College Park, Maryland 20742, ) 
                            ) 
      And ) 
                            ) 
DANITA D. NIAS, Individual ) 
Samuel Riggs IV Alumni Center ) 
College Park, Maryland 20742, ) 
                            ) 
      *Defendants.* ) 
_____ )

## <u>COMPLAINT</u>

Plaintiff, SYLVIA WONASUE (hereinafter "Plaintiff"), by and through her undersigned

attorneys Scott A. Conwell, Esq. and Conwell Law LLC, hereby submits this Complaint against

the Defendants, UNIVERSITY OF MARYLAND ALUMNI ASSOCIATION, INC. (hereinafter

"University") and DANITA D. NIAS (hereinafter "Nias") (collectively hereinafter

"Defendants"), for violations of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C.

§ 12101, *et seq.*, ("ADA"); Maryland's laws prohibiting discrimination in employment, Md.

Code Ann., State Government § 20-601, *et seq.*; the Family Medical Leave Act ("FMLA"), 29

U.S.C. § 2601 *et seq.*, under the Rehabilitation Act of 1973, 29 U.S.C. § 794, for retaliation, for

denial of due process under the Fourteenth Amendment to the United States Constitution

pursuant to 42 U.S.C. §1983, and for denial of procedural and substantive due process under the

Maryland Constitution's Maryland Declaration of Rights (Article 24), and under Maryland

common law implementing the above provisions, including the FMLA requirements, and for

retaliation under federal and state law; and the Plaintiff further states:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the federal claims asserted herein pursuant

to 28 U.S.C. §§ 1331, 1343, for civil actions arising under the laws of the United States of

America; and 42 U.S.C. § 12101 *et seq.* (Equal Opportunity for Individuals with Disabilities),

including 42 U.S.C. § 12117, which incorporates the powers, remedies and procedures as set

forth in 42 U.S.C. § 2000e–5 (Enforcement provisions), granted to any person alleging

discrimination on the basis of disability, and for violations of Title I of the ADA, and under the

FMLA, 29 U.S.C. § 2617 (Civil action by employees).

2.      Pendent jurisdiction lies in this Court for state claims so closely connected to the federal

claims that their interrelationship permits the conclusion that the entire action before the court

comprises but one case. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction

over all state claims alleged herein because those claims contain a common nucleus of operative

facts and the Plaintiff would ordinarily be expected to try them all in one proceeding.

3.      Jurisdiction against the individual Defendants is maintained under the Maryland

Declaration of Rights:

> That no man ought to be taken or imprisoned or disseized of his freehold, liberties
> or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of
> his life, liberty or property, but by the judgment of his peers, or by the Law of the
> land.

Constitution of Maryland, Maryland Declaration of Rights, Article 24.  "[A] public official who violates a plaintiff's Maryland constitutional rights may be personally liable for compensatory damages" and for punitive damages.  *Samuels v. Tschechtelin*, 135 Md.App. 483, 763 A.2d 209, 230 (2000)(string citations to Maryland Court of Appeals cases omitted).  The intent of Article 24 is to "protect an individual's interests in substantive and procedural due process".  *Id* (string citations to Maryland Court of Appeals cases omitted).

4.      Jurisdiction against the individual Defendants is maintained under the Fourteenth Amendment to the United States Constitution by statute:

> Civil action for deprivation of rights
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.  "An action for injunctive relief brought pursuant to § 1983 may be maintained against a state official or state employee regardless of which capacity the state official or employees [sic] is sued."  *Samuels v. Tschechtelin*, 135 Md.App. 483, 763 A.2d 209, 248 (2000)(citing *Okwa v. Harper*, 360 Md. 161, 193 n. 16, 757 A.2d 118 (2000)).

5.      Jurisdiction resides in this court pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

6.      State claims are authorized for unlawful employment practices under Md. Code Ann., State Government § 20-1013(b).

3

7.      This Court has personal jurisdiction over the parties because the Defendant is a Maryland business, the acts, events and/or omissions giving rise to Plaintiff's claims as described herein occurred in the State of Maryland, and the Plaintiff resides in the State of Maryland.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business in this district, the acts, events and/or omissions giving rise to Plaintiff's claims as described herein occurred in this district, and the Plaintiff resides in this district.  Venue is proper in this district for the state law claims as it covers the county where the unlawful employment practices occurred. Md. Code Ann., State Government § 20-1013(b).

## PARTIES

9.      Plaintiff Sylvia Wonasue, residing at 15808 Erwin Court, Bowie, Maryland 20716, was employed as a full time employee by Defendant University of Maryland Alumni Association, Inc. at College Park, Maryland for all relevant times as described herein. Plaintiff's job title was Executive Manager.  Plaintiff initially was paid at a rate of $26 per hour, and at the time of her termination made $30.50 per hour.

10.      Defendant University of Maryland Alumni Association, Inc. ("University") is responsible for alumni relations for the University of Maryland, College Park, and is located in this jurisdiction with its principal address at Samuel Riggs IV Alumni Center, College Park, Maryland 20742.

11.      Defendant Danita D. Nias ("Nias") is sued in her individual capacity for the acts alleged herein.  Nias is currently Executive Director of the Defendant University of Maryland Alumni Association, Inc. and Assistant Vice President for Development and Alumni Relations and served in that capacity for all relevant times herein.

4

12.     Wherever in this complaint it is alleged that any individual or other party did or failed to do any particular act and/or omission, it is meant that Defendant(s), acting individually, or by and through its agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his/her/its employment, agency, or contract with Defendant(s), in the furtherance of Defendants' businesses, and under the authority of, and for the benefit of the Defendant(s).  It is further alleged that any individual Defendant(s) named herein were an agent acting in the course and scope of his/her/its agency during the transaction(s) that is/are the subject of this case with the actual and apparent authority of his/her/its principal, and that any of the acts and omissions were ratified and adopted by the Defendant(s).

## STATEMENT OF FACTS

13.     This case involves systemic discrimination based upon pregnancy discrimination by the University and its principals, officers, company physicians, supervisors and administrators and their failure to follow the federal and state laws prohibiting such unlawful conduct.

14.     Plaintiff Wonasue is an "employee" under the ADA as defined by 42 U.S.C. § 12111(4) and under Maryland law prohibiting discrimination in employment as defined by Md. Code Ann., State Government § 20-601(c).

15.     Defendant is an "employer" under the ADA as defined by 42 U.S.C. § 12111(5) and under the Maryland's laws prohibiting discrimination in employment as defined by Md. Code Ann., State Government § 20-601(d).

16.     Plaintiff Wonasue was continuously employed by Defendant University as an employee in a full time capacity from September 17, 2007 to approximately January 19, 2010.  Plaintiff worked at the Defendant University's office in College Park.

17.     On January 13, 2010, Plaintiff informed Defendant Nias that she was pregnant.

18.     On or about this time, Plaintiff began treatment for severe medical complications at a medical facility in order to stabilize her pregnancy and her own health.

19.     Beginning on January 15, 2010, Plaintiff required medical leave and reasonable changes to her work schedule to accommodate severe and unusual medical complications that threatened her own and her baby's health.

20.     Plaintiff's employer, Defendant University, and Defendant Nias had complete knowledge of her medical status and requirements.

21.     Defendants denied all requests for reasonable accommodation and denied any leave or reduced work schedule.

22.     Defendant Nias stated that she would instead accept Plaintiff's resignation from her position.

23.     When Plaintiff refused to resign, Defendants University and Nias instead showed their clear intent and took action to force her out of her position by, among other examples, changing her work schedule to make it less accommodating, giving her impossible set of tasks and timeframe to perform them in, specifying duties that she clearly could not perform given her medical condition, and taking other similar unreasonable and retaliatory actions.

24.     Because of Plaintiff's concern for and responsibility to her job and career, Plaintiff attempted to perform according to Defendants' demands, and contrary to Plaintiff's doctor's orders, and this further jeopardized her baby's and her own health and lives.

25.     As a direct proximate result of Defendants' unlawful actions, Plaintiff experienced such severe medical complications, that she was rushed by ambulance to the emergency room.

26.     As a direct proximate result of Defendants' unlawful actions, her physicians altered her medical status and required her to go on bed rest and take other medically necessary actions to carry the baby to term.

27.     Plaintiff Wonasue was constructively terminated was due to Defendants' refusal accommodate her disability, refusal to change work schedules, and their intent and actions that would and did jeopardize the health of the baby and mother.

28.     Because of Defendant's unlawful termination of Plaintiff Wonasue as a result of her disability and request to exercise her lawful rights, Plaintiff has been substantially harmed.

29.     On or about May 6, 2010, Plaintiff filed a charge of discrimination against Defendant with the Maryland Commission on Human Relations (the "MCHR"), which dual filed the charge with the Equal Employment Opportunity Commission (the "EEOC"), alleging that she was discriminated against on the basis of a perceived disability or record of disability.  Plaintiff submitted an amended signed complaint on June 11, 2010.

30.     Said charge was filed within 300 days of the date of the discriminatory act committed by the Defendant.

31.     Plaintiff Wonasue received an initial Right to Sue letter from the EEOC on or about September 21, 2011.[1]

32.     The public policy of Title I of the ADA and the FMLA permit equitable relief such as a preliminary injunction and/or reinstatement, and support the Congressional goal of fighting workplace discrimination on the basis of disability. *See Aguilar v. Baine Service Systems, Inc.*, 538 F.Supp. 581 (S.D.N.Y. 1982); *Aronberg v. Walters,* 755 F.2d 1114, 1115-16 (4th Cir. 1985) (quoting *Sheehan v. Puralator Courier Corp.,* 676 F.2d 877, 885 (2d Cir. 1982)).

---

[1] The Right to Sue was later amended by subsequent reconsideration by the Maryland Commission on Human Relations and by later communications, and thus a later deadline date is the actual ninety (90) day date.

33.     A preliminary injunction, reinstatement and other appropriate equitable relief is

specifically authorized under Maryland law.  Md. Code Ann., State Government § 20-1013(d); §

20-1009(b).

**COUNT I**
**VIOLATION OF THE ADA, 42 U.S.C. § 12112 – FAILURE TO MAKE REASONABLE**
**ACCOMMODATION FOR EMPLOYEES WITH A DISABILITY AND UNLAWFUL**
**TERMINATION**

34.     Plaintiff incorporates by reference all preceding paragraphs and those paragraphs

contained herein below as though fully set forth herein.

35.     Defendant is an "employer" under the ADA as defined by 42 U.S.C. § 12111(5).

36.     Defendant is a "covered entity" under the ADA as defined by 42 U.S.C. § 12111(2)

37.     Plaintiff has a "disability" as defined by 42 U.S.C. § 12102.

38.     Plaintiff is an "employee" under the ADA as defined by 42 U.S.C. § 12111(4).

39.     Plaintiff is a "qualified individual" under the ADA as defined by 42 U.S.C. § 12111(8).

40.     Plaintiff is protected by the ADA, 42 U.S.C. § 12112, which specifically prohibits

discrimination by a covered entity against qualified individuals on the basis of disability in

regard to, among other things, the discharge of employees, the employee's compensation, and

other terms, conditions, and privileges of employment.

41.     More than twenty years ago, with the enactment of the Pregnancy Discrimination Act

(PDA), Congress clarified its intent that under Title VII, workplace discrimination based on a

biological condition specific to women, such as pregnancy, is the same as discrimination based

on sex.  Title VII of the federal Civil Rights Act of 1964 makes it unlawful to "discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of

employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.

§2000e-2. In 1978, Title VII was amended by the Pregnancy Discrimination Act ("PDA"), 42

8

U.S.C. § 2000e(k), to clarify that pregnancy discrimination is a form of gender discrimination prohibited by Title VII. In pertinent part, the PDA provides that "a woman affected by pregnancy shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

42.     The EEOC has filed suit on behalf of a pregnant employee who did not receive an accommodation, and where the employer did not engage in the required interactive process and terminated the employee.  *See* EEOC Press Release of October 1, 2009 (describing the case of *EEOC v. D.R. Horton*, Case No. Civ-09-1383-RSM, filed in the U.S. District Court for the Western District of Washington).

43.     Plaintiff alleges that Defendant failed to make reasonable accommodations to the known physical or mental limitations of individuals with a disability.

44.     Plaintiff alleges that Defendant terminated her as a direct and proximate result of their knowledge of, discriminatory attitude towards, and necessary accommodations to provide as a result of Plaintiff's pregnant and medical condition.

45.     Defendant's failure to provide a reasonable accommodation for Plaintiff violates 42 U.S.C. § 12112(b)(5) of the ADA.

46.     Defendant's termination of the Plaintiff violates the ADA.

47.     Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12117, Plaintiff prays for judgment as set forth below.

### COUNT II
### VIOLATION OF MD. CODE ANN., STATE GOVERNMENT § 20-602 - UNLAWFUL EMPLOYMENT PRACTICES BASED ON DISABILITY

48.     Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained herein below as though fully set forth herein.

49.    Plaintiff has a "disability" as defined by Md. Code Ann., State Government § 20-601(b).

50.    Defendant is an employer as defined by Md. Code Ann., State Government § 20-601(d).

51.    Plaintiff is or was an employee of Defendant as defined by Md. Code Ann., State Government § 20-601(c).

52.    Defendant operates business establishments within the jurisdiction of the State of Maryland and, as such, is obligated to comply with the provisions of Maryland's laws prohibiting discrimination in employment, Md. Code Ann., State Government § 20-601, *et seq.*

53.    Under Maryland law, it is an unlawful employment practice to discharge employees, or otherwise discriminate against any employee with respect to the employee's compensation, terms, conditions, or privileges of employment because of the employee's disability.  Md. Code Ann., State Government § 20-606.

54.    "Disabilities due to pregnancy or childbirth" are treated as "temporary disabilities for all job related purposes" and are on parity with other temporary disabilities.  "Written and unwritten employment policies and practices involving matters such as the commencement and duration of leave, the availability of extensions of leave, the accrual of seniority and other benefits and privileges, reinstatement, and payment under any health or temporary disability insurance or sick leave plan, formal or informal, shall be applied to disability due to pregnancy or childbirth on the same terms and conditions as they are applied to other temporary disabilities."  Md. Code Ann., State Government § 20-609.

55.    "As a remedial statute, § 42 of Article 49B [now codified in the Maryland Code under the Title 20 of the State Government Article] should be construed liberally in favor of claimants seeking its protection."  *Haas v. Lockheed Martin*, 396 Md. 469, 914 A.2d 735, 750-51 (2007)(emphasis added).

56.     It is the policy of the state of Maryland to assure all employees equal opportunity in their employment regardless of disability that is unrelated in nature and extent so as to reasonably preclude performance of the employment.  To that end, the State of Maryland prohibits discrimination in employment by any person.  Md. Code Ann., State Government § 20-602.

57.     Defendant's constructive discharge of the Plaintiff constitutes an unlawful employment practice.

58.     Defendant's policies and practices discriminated against Plaintiff and similarly situated employees because its actions affected their compensation, terms, conditions, and/or privileges of employment.

59.     Defendant's refusal to accommodate Plaintiff to permit the employee to perform their job constitutes an unlawful employment practice.

60.     The Defendant's unlawful employment practices as described herein and implemented by Defendants, its executives, employees and agents, were done with malice.

61.     Defendant's discriminatory conduct exhibited a willful and/or reckless indifference to Plaintiff's protected right to be free from disability discrimination in the workplace.

62.     Defendant has violated Maryland state law by failing to administer employment procedures in a nondiscriminatory basis and failing to ensure that persons with disabilities have equal employment opportunities. Md. Code Ann., State Government § 20-602.

63.     Defendant's conduct constitutes ongoing and continuous unlawful employment discrimination under Maryland law and, unless restrained and enjoined from doing so, Defendant will continue to discriminate and deprive Plaintiff of the terms, conditions and privileges of employment and deprive her of equal employment opportunities in violation of Maryland law.

Defendant's acts and omissions, unless enjoined, will continue to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

64.     This Court has authority under the Maryland state statutes to provide the following remedies:

> (i) enjoining the respondent from engaging in the discriminatory act;
> (ii) ordering appropriate affirmative relief, including the reinstatement or hiring of employees, with or without back pay;
> (iii) awarding compensatory damages; or
> (iv) ordering any other equitable relief that the administrative law judge [or circuit court judge] considers appropriate.

Md. Code Ann., State Government § 20-1009 (emphasis added)(remedies available in administrative action are available in a civil action as incorporated by Md. Code Ann., State Government § 20-1013).

65.     Plaintiff therefore claims that she was discriminated against on the basis of actual or perceived disabilities. This is unlawful under Md. Code Ann., State Government §§ 20-601 *et al.*

**COUNT III**
**UNLAWFUL DISCRIMINATION UNDER THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794**

66.     Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained herein below as though fully set forth herein.

67.     At all relevant times herein, Plaintiff was a "qualified individual with a disability". 29 U.S.C. § 794(a).

68.     At all relevant times herein, Defendant is an instrumentality of a local government.

69.     At all relevant times herein, Defendant received and continues to receive Federal financial assistance.

70.     A request for a reasonable accommodation is a protected activity under the Rehabilitation Act.

71.     The actions and inactions of the employer as stated in the claims in this amended complaint constitute unlawful discrimination in employment under the Rehabilitation Act of 1973 and are incorporated herein.

72.     Defendant's conduct constitutes an ongoing and continuous unlawful discrimination under the Rehabilitation Act of 1973 and, unless restrained and enjoined from doing so, Defendant will continue to discriminate in violation of the Rehabilitation Act of 1973. Defendant's acts and omissions, unless enjoined, will continue to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

**COUNT IV**
**UNLAWFUL RETALIATION UNDER THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794**

73.     Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained herein below as though fully set forth herein.

74.     At all relevant times, including requests for accommodation, request for leave and reasonable changes to employment conditions, and in invoking all statutory rights under federal and state laws, Plaintiff was engaged in protected activities.

75.     The Defendants have failed to accept Plaintiff's medical evaluation and request from her physician, failed to accommodate Plaintiff's disability, violated Plaintiff's statutory rights against discrimination, failed to follow accepted and lawful employment standards, procedures and policies, forced Plaintiff to expend enormous sums of money in attorneys' fees to protect her statutory, contractual and constitutional rights, caused physical harm to Plaintiff and her baby, terminated Plaintiff's employment, failed to ameliorate and correct Defendant's wrongful acts upon receiving notice, and failed to provide Plaintiff the opportunity to seek reconsideration of any request for accommodation or termination decision.

76.      The acts and omissions by the Defendant constitute adverse employment actions against the Plaintiff.

77.      The acts and omissions by the Defendant were for the intention of dissuading Plaintiff from returning to work, continuing employment, requesting leave under the federal and state laws and making and supporting a charge of discrimination.

78.      The adverse employment actions were caused by the Plaintiff's engagement in the protected activities, by the Plaintiff's assertions of his lawful rights, and by the Defendant's desire to retaliate and/or continue its unlawful discriminatory policies and practices.

79.      Defendant's conduct constitutes an ongoing and continuous unlawful retaliation under the Rehabilitation Act of 1973 and, unless restrained and enjoined from doing so, Defendant will continue to retaliate in violation of the Rehabilitation Act of 1973. Defendant's acts and omissions, unless enjoined, will continue to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

## COUNT V
## DENIAL OF PROCEDURAL DUE PROCESS UNDER THE MARYLAND DECLARATION OF RIGHTS

80.      Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the preceding and following paragraphs.

81.      Plaintiff had a constitutionally protected property interest in continued employment.

82.      A person with a property interest in continued employment is entitled to a limited hearing prior to termination and a more comprehensive hearing after termination.

83.      These constitutionally protected interests may not be terminated without procedural due process.

84.     The actions and/or omissions by the Defendants as described in this Complaint among other things denied Plaintiff procedural due process.

85.     Defendants have violated Plaintiff's procedural due process rights as a matter of fact and law.

86.     Defendants intentionally violated Plaintiff's rights and intended to cause or with reckless disregard for the consequences of their actions, caused the harm expressed in this Complaint. Defendants' actions and inactions were taken with malice.

## COUNT VI
## DENIAL OF SUBSTANTIVE DUE PROCESS UNDER THE MARYLAND DECLARATION OF RIGHTS

87.     Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the preceding and following paragraphs.

88.     Plaintiff's federal and state constitutional and statutory rights to non-discrimination and to a right to take leave, modify work schedules and provide other reasonable accomodations are so fundamental as to require substantive due process protections.  Discrimination and dismissal based upon illegal discrimination violate a liberty interest.

89.     The above liberty interests are protected by the Maryland Constitution's Maryland Declaration of Rights (Article 24).

90.     These protected interests may not be terminated without substantive due process. The protection of substantive due process includes the right to be free from deprivation of protected liberty and/or property interests through arbitrary and capricious state action.

91.     Substantive due process places a restraint on Defendants' power and conduct beyond that imposed by procedural due process.

92.     Substantive due process provides heightened protection against Defendants' interference

with certain fundamental rights and liberty interests.

93.     Defendants cannot arbitrarily deprive an individual of a constitutionally protected interest even if they follow the proper procedures.

94.     The above interests require particularly careful scrutiny of the state needs asserted to justify their abridgment.

95.     Defendants have not attempted to justify and cannot justify any of their actions and omissions and therefore, based upon these unquestionable facts, Defendants have violated Plaintiff's substantive due process rights as a matter of fact and law.

**COUNT VII**
**DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE**
**U.S. CONSTITUTION PURSUANT TO 42 U.S.C. § 1983**

96.     Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the preceding and following paragraphs.

97.     All the preceding procedural and substantive rights that were violated by the Defendants were clearly established at the time that due process was denied and termination was threatened, initiated, attempted and/or completed.

98.     The acts and omissions committed by the Defendants that deprived Plaintiff of her federal rights were committed under color of state authority.

99.     Defendants understood that their actions would violate Plaintiff's rights.  Despite this knowledge and understanding, Defendants violated Plaintiff's rights.

100.    Based upon these unquestionable facts, Defendants have violated Plaintiff's due process rights as a matter of fact and law.

101.    Plaintiff is therefore entitled, pursuant to 42 U.S.C. § 1983, to bring suit for equitable remedies and to obtain redress for Defendants' violations of Plaintiff's rights.

102.

## COUNT VIII
## UNLAWFUL INTERFERENCE WITH THE FAMILY AND MEDICAL LEAVE ACT
## PURSUANT TO 29 U.S.C. § 2601 *et seq.*

103.    Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the preceding and following paragraphs.

104.    Plaintiff is an "eligible employee" in that at all relevant times she was employed for at least twelve months by the employer and had at least 1,250 hours of service during the previous 12-month period.

105.    The employer, including all persons who act, directly or indirectly, in the interest of the employer to any of the employees of such employer, has at least 50 employees at the College Park location and/or within 75 miles of that worksite.

106.    Additionally, Defendant University of Maryland Alumni Association, Inc. constitutes an integrated employer and/or joint employer as its business, operations, employment, policies and practices are not entirely separate and distinct with respect to other entities, it is not a contracted-for independent operation, its employee terms and benefits are shared, its place of operations and offices are shared, it has shared or integrated divisions and operations, and it purposes are part of a shared organizational mission, purpose and structure, the executives' jobs are shared positions, and common ownership and management exists.

107.    Under the Family Medical Leave Act (FMLA), leave may be taken not only in a single block of time, but also on either an intermittent or on a reduced work schedule basis.

108.    An employee's request for a reduced or modified work schedule as a result of a serious health condition qualifies as medical leave under the Family Medical Leave Act. 29 U.S.C. § 2612(b).

109.   Under the interference provision of the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" an employee's right to take leave. 29 U.S.C.A. § 2615(a)(1).

110.   An employer's failure to continue to accommodate an employee's disabilities after returning from intermittent disability leave constitutes unlawful discrimination and retaliation in violation of the FMLA, 29 U.S.C. § 2601 *et seq*.

111.   As described in this Complaint, Defendant interfered with Plaintiff's exercise of her FMLA rights and Plaintiff was damaged as stated.

### COUNT IX
### VIOLATION OF MARYLAND COMMON LAW IMPLEMENTING THE FAMILY AND MEDICAL LEAVE ACT PURSUANT TO 29 U.S.C. § 2601 *et seq*. AND UNLAWFUL TERMINATION

112.   Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the preceding and following paragraphs.

113.   Maryland's laws are interpreted far broader and provide more extensive relief than their federal counterparts. *Haas v. Lockheed Martin*, 396 Md. 469, 914 A.2d 735, 750 (2007); *Molesworth v. Brandon*, 341 Md. 621, 628, 672 A.2d 608 (1995); *Harrison v. John F. Pilli & Sons, Inc.*, 321 Md. 336, 341, 582 A.2d 1231, 1234 (1990).

114.   *Danfelt v. Board of County Commissioners of Washington County*, 998 F.Supp. 606 (D. Md. 1998) (court permitted the employee to assert a wrongful discharge claim based on the FMLA, finding that the FMLA's savings clause does not evince an intent to completely preempt state law causes of action, and that Maryland's law of wrongful discharge does not conflict with the FMLA.); 42 U.S.C. § 12201(b) ("Nothing in this chapter shall be construed to invalidate or limit the remedies, rights and procedures of any ... [state law] that provides greater or equal protection for the rights of individuals with disabilities than are afforded by [the ADA]").

18

115.   As described in this Complaint, Defendant interfered with Plaintiff's exercise of her Maryland rights promulgated by its enforcement of the public policy and rights to leave expressed in the FMLA, and the right to not be terminated for requesting leave.

116.   As described in this Complaint, Defendant interfered with Plaintiff's exercise of her rights and Plaintiff was damaged as stated.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Court:

A. Assume jurisdiction over this action and maintain continuing jurisdiction until Defendant is in full compliance with every order of this Court.

B. Issue a declaratory judgment that the acts and practices of Defendant complained of herein violated and continue to violate the rights of Plaintiff Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, ("ADA"); Maryland's laws prohibiting discrimination in employment, Md. Code Ann., State Government § 20-601, *et seq.*; the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, under the Rehabilitation Act of 1973, 29 U.S.C. § 794, for retaliation, for denial of due process under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. §1983, and for denial of procedural and substantive due process under the Maryland Constitution's Maryland Declaration of Rights (Article 24), and under Maryland common law implementing the above provisions, including the FMLA requirements, and for retaliation under federal and state law.

C. Issue a preliminary and permanent injunction ordering the Defendant to comply with the statutes set forth herein.

D. Issue a preliminary order requiring Defendant to reinstate Plaintiff to her former position, with all accumulated back pay, salary rights and benefits.

E. Award actual, compensatory, and/or statutory damages to Plaintiff for violations of her civil rights under federal and state law.

F. Award Plaintiff's reasonable attorneys' fees and costs pursuant to federal and Maryland law.

G. Award punitive damages.

H. Schedule a trial by jury to resolve all disputed factual issues.

I. Award such additional or alternative relief as may be just, proper and equitable.


Respectfully submitted,

CONWELL LAW LLC

Scott A. Conwell (Bar No. 15008)
scott@conwellusa.com
2101 Defense Highway, Suite 4
Crofton, Maryland 21114
TELE: (410) 451-2707
FAX: (410) 451-2706

*Attorneys for Plaintiff*