IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| SYLVIA WONASUE, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-11-3657 |
| UNIVERSITY OF MARYLAND ALUMNI ASSOCIATION, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses and disposes of Plaintiff Sylvia Wonasue's Motion for Reconsideration of Court's Order Regarding Plaintiff's Motion for the Defendants to Provide and for the Court to Consider the Full Deposition Transcript, ECF No. 72; and the Opposition that Defendants Danita Nias and the University of Maryland Alumni Association ("UMAA") filed, ECF No. 74. Plaintiff has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2.a. A hearing is unnecessary. *See* Loc. R. 105.6. For the reasons that follow, Plaintiff's Motion is DENIED.

### I. BACKGROUND

Ms. Wonasue brought this disability discrimination, retaliation, and unlawful termination lawsuit against Defendants after they allegedly denied her request for reasonable accommodations while she was pregnant, and then constructively discharged her from her position. Compl. ¶¶ 9, 17–23, 27, ECF No. 1. Defendants moved for summary judgment, ECF No. 64, and instead of filing a response, Ms. Wonasue filed a Motion to Extend Time for

Response and to Accept Response Filed Out of Time, ECF No. 65, six weeks after the response deadline. Ms. Wonasue based much of her argument for not acting sooner on her misconception that Defendants had to provide her with the transcript of her deposition and her assertion that she could not oppose Defendants' summary judgment motion without that deposition. Oct. 17, 2013 Mem. 10, ECF No. 70. She contended that "the testimony quoted is incomplete, . . . the questioning was contentious and answers disjointed and interpreted out of context and which can therefore lead to erroneous inferences." Pl.'s Mot. for Extension 2–3. Noting that Ms. Wonasue previously missed deadlines, sought repeated extensions from this Court, and "made meritless representations to the Court that . . . prolonged the litigation process," I observed that "[w]here missed deadlines become the norm rather than the exception, . . . there comes a time when the court must say that enough is enough," and I concluded that the time had come. Oct. 17, 2013 Mem. 2–5. I found that Plaintiff had not provided a justifiable reason for her delay, and had not demonstrated that her neglect was excusable, because she "had the ability to file an opposition, or at least a motion for extension of time, earlier, before her response deadline." *Id.* at 15–16. Additionally, I found that Plaintiff, without good cause, failed to act diligently in responding to Defendants' motion. *Id*. at 17. Therefore, I denied her motion for an extension. *Id.*; *see* Oct. 17, 2013 Order, ECF No. 71.

## II. DISCUSSION

"A motion for reconsideration is appropriate [1] to 'correct manifest errors of law or fact or [2] to present newly discovered evidence,' or [3] where there has been an intervening change in controlling law." *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d. Cir. 1985); citing *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). These three grounds are "analogous to three

2

grounds that the Fourth Circuit recognized for [a district court to amend] an earlier judgment under Rule 59(e)," *Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *2 n.1 (D. Md. Aug. 4, 2010), which provide a district court with discretion to grant a motion to amend a judgment "only in very narrow circumstances," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). A motion for reconsideration is not a vehicle for "'ask[ing] the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Potter*, 199 F.R.D. at 552 (quoting *Above the Belt*, 99 F.R.D. at 101). These "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (dicta) (quoting *Potter*, 199 F.R.D. at 553); *see Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (observing that a motion for reconsideration "is not a license for a losing party's attorney to get a 'second bite at the apple'").

Plaintiff asks that I reconsider my October 17, 2013 Order, but "focuse[s] [her request] on the issues related to the court's consideration of the complete Wonasue deposition transcripts and its assessment of the facts related to the Plaintiff's January 13, 2010 treatment." Pl.'s Mot. 1. She reiterates her concern that the Court may "rel[y] upon certain evidence submitted by the Defendants, namely the confusing, incomplete and easily misunderstood deposition testimony concerning Plaintiff's medical condition and initial recommended treatment from an emergency room physician on January 13, 2010." *Id.* Plaintiff includes excerpts from her deposition, *id.* at 3–4, and then, in what appears to be a circuitous attempt either to amend her complaint or to oppose Defendants' summary judgment motion, after I already have denied her requests to do

3

both, Plaintiff includes a paragraph "to clarify the described sequence of events" at the end of Plaintiff's employment at UMAA, *id.* at 6.

Defendants counter that "[n]ot once does Plaintiff discuss the propriety of [the] Court's decision, despite this being the only relevant issue before the Court on a motion for reconsideration." Defs.' Opp'n 2. According to Defendants, "the allegedly improper findings of fact that Plaintiff identifies in her motion did not factor into the Court's decision," which was based on a finding that "Plaintiff did not demonstrate the extraordinary circumstances required under Rule 6(b)(1)(B) for the Court to excuse her failure to file a timely response to Defendants' Motion for Summary Judgment." *Id.* at 3.

Defendants also argue that Plaintiff's Motion for Reconsideration is untimely under Local Rule 105.10, having been filed more than ten days after the Order issued. Defs.' Opp'n 3. Local Rule 105.10 provides that "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than *fourteen (14)* days after entry of the order." Loc. R. 105.10 (emphasis added). Defendants are encouraged to review the current version of this Court's Local Rules, available at http://www.mdd.uscourts.gov/localrules/LocalRules.pdf.

Plaintiff's Motion for Reconsideration focuses on the facts of this case and my summation of them in my October 17, 2013 Order. But those facts had no bearing on my conclusion that she failed to provide a justifiable reason for her delay, to demonstrate that her neglect was excusable, or to show that she acted diligently in responding to Defendants' motion. Oct. 17, 2013 Mem. 15–17. Moreover, Plaintiff does not identify a "'manifest error of . . . fact'" (or law) that I could correct on reconsideration. *Potter*, 199 F.R.D. at 552 n.1 (citation omitted). All of the facts stated in the October 17, 2013 Memorandum are supported by the record, and Plaintiff has not shown otherwise. Nor does she "'present newly discovered evidence.'" *Id.*

4

(citation omitted). Rather, Plaintiff focuses on the existing evidence and appears to take a second, unpermitted, swing at the piñata. *See Shields*, 120 F.R.D. at 126. Also, Plaintiff does not contend that "there has been an intervening change in controlling law." *Potter*, 199 F.R.D. at 552 n.1. Therefore, Plaintiff's Motion for Reconsideration is DENIED.

## III. CONCLUSION

Plaintiff's Motion for Reconsideration of Court's Order Regarding Plaintiff's Motion for the Defendants to Provide and for the Court to Consider the Full Deposition Transcript is DENIED.

A separate order shall issue.

Dated: <u>November 22, 2013</u>　　　　　　　　　　　　　<u>　　　/S/　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

lyb