CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

December 9, 2013

RE: *Wonasue v. University of Maryland Alumni Association*
      PWG-11-3657

<u>**MEMORANDUM TO COUNSEL**</u>

   This memorandum confirms the trial date that has been set in this case by the December 9, 2013 telephone conference, and it provides the schedule for this case and certain instructions relating to trial preparation.

| | |
|---|---|
| **Friday, June 6, 2014** | Deadline for Submitting Motions *In Limine*; Joint Pretrial Order; Proposed Voir Dire Questions; Proposed Jury Instructions; and Proposed Special Verdict Forms |
| **Tuesday, July 8, 2014 at 1:00 p.m.** | Pretrial Conference |
| **Tuesday, July 15, 2014 at 9:30 a.m.** | Four-Day Jury Trial to Begin |

<u>**Voir Dire and Jury Instructions**</u>

   You should submit proposed joint voir dire questions, proposed joint jury instructions on issues specifically relating to this case, and proposed joint special verdict forms.[1]   You should submit separately any voir dire questions, jury instructions, and special verdict forms upon which you cannot agree. All of your proposed voir dire questions, jury instructions, and special verdict forms should be filed electronically via the CM/ECF system, submitted in hard copy to my Chambers, and emailed, as Microsoft Word documents, to my law clerk, Lisa Bergstrom, at lisa_bergstrom@mdd.uscourts.gov.

---

[1] As an attachment to this memorandum, I have provided to you a copy of my customary general (non-case-specific) instructions.

Your proposed joint voir dire should include a brief proposed statement to be read to the venire panel explaining the nature of the case in general terms.

Your proposed jury instructions should (a) be typed one per page; (b) be numbered and assembled in the order in which you request that they be read to the jury; and (c) include a citation of the authorities supporting the instruction. Any request for an instruction ordinarily should be based on the pattern Modern Federal Jury Instructions,[2] or where Maryland law is applicable, on the Maryland Pattern Jury Instructions. Submissions should be by photocopy of the pattern instruction with any requested change or modification handwritten by interlineation.

## Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2.i., as "expecting to present" at trial.

## Disclosure of Opinions of Expert Witnesses

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

## Exhibits

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2.g. Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7.a. You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7.b.

Copies of the parties' proposed exhibits must be in a three-ring binder. The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. Those exhibits will be discussed at the pretrial

---

[2] Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions* (2007).

conference. The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties.

## Use of Courtroom Equipment

Please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment. The court has available for your use DVD players and monitors, x-ray boxes, and one electronic evidence presenter. The electronic evidence presenter may be reserved on a first come, first served basis in cases which are expected to last longer than one week and involve numerous documents.

## Trial Instructions

Please read carefully the attached memorandum entitled "Instructions To Counsel Regarding Trial Procedure And Conduct." You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

## Settlement

Unless the court is notified of any settlement no later than one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25–28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

Although informal, this is an Order of the Court and shall be docketed as such.


_____/S/_____
Paul W. Grimm
United States District Judge


lyb

Attachments: (2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<u>PRELIMINARY JURY INSTRUCTIONS</u>[3]

MEMBERS OF THE JURY:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

---

[3] These preliminary instructions and final jury instructions, found *infra*, are the standard instructions that I use in civil cases and do not address the substantive law of this case. Counsel should propose instructions as to the specific law of the case and may propose additional instructions or modifications.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both types of evidence. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

This is a civil case. The plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means the plaintiffs have to produce evidence which, considered in the light of all the facts, leads you to believe that what they claim is more likely true than not. To put it differently, if you were to put the plaintiffs' and the defendants' evidence on opposite sides of the scales, the plaintiffs would have to make the scales tip somewhat on their side. If the plaintiffs fail to meet this burden, the verdict must be for the defendants.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone, including your fellow jurors, or to permit anyone to discuss it with you. This means that you should not discuss the case in any way, including by posting comments to Facebook or twitter or similar web sites or blogs about the case or your service as jurors. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way. Again, this includes not only the news but also posts on Facebook or twitter or similar web sites or blogs. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Third, do not try to do any research or make any investigation about this case on your own. This means that you should not visit the site of the accident or view it on a website such as Googlemaps, and you should not research any aspect of the case at the library or on an Internet search engine such as Google.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes.  But if you do, leave them in the jury room when you leave at night. And remember that they are only for your own personal use.

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next the plaintiffs will present their witnesses, and the defendants may cross-examine them.  Then the defendants will present their witnesses, and the plaintiffs may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and the court will give you instructions on the law.

You will then retire to deliberate your verdict.

<u>FINAL JURY INSTRUCTIONS</u>

MEMBERS OF THE JURY:

At the outset, I want to thank you for your patience and attention throughout this case, your care in the consideration of the testimonial and documentary evidence, your patience in the matter of recesses and delays when it has been necessary for me to hear counsel out of your presence, and your promptness, making it possible to start each session on time, and to resume sessions after recesses without delay.

As you already know, the functions of the judge and the jury in a case of this sort are quite different. It is my duty as judge to instruct you as to the law which applies to this case.  It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be.  In deciding the facts and issues of fact, you must decide them without prejudice, or bias, or sympathy. Unless otherwise stated, you should consider each instruction given to apply separately and individually to each party in the case.

In my instructions to you on the law of this case, if I state any rule, direction or idea in varying ways, no emphasis is intended by me and none must be inferred by you. You are not to single out any certain sentence or individual point or instruction and ignore the others. Rather you are to consider all of my instructions as a whole, and you are to regard each instruction in the light of all others.

As I advised you in the beginning of the trial, you and only you are the judges of the facts.

If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it. You may consider not only the evidence to which I may refer, and the evidence to which you may have been referred by counsel in their arguments, but you may also consider any testimony or exhibits in the case, whether or not referred to me or by counsel, which you believe to be material.

PARTIES AS WITNESSES

**JURY INSTRUCTION NO. __**

When using the word "witness," I am, of course, referring as well to the parties in this case.

PARTIES ARE EQUAL BEFORE THE COURT

**JURY INSTRUCTION NO. __**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

SYMPATHY, EMOTION, & PREJUDICES

## **JURY INSTRUCTION NO. __**

When deliberating on the issue as presented in this case, you shall not be moved by sympathy or emotion which may normally come into play in deliberating on a question of this kind, and in this case as in any case, shall put aside all such prejudices, emotions and sympathy which they may have for either plaintiff or defendant in determining whether or not the plaintiff is entitled to recover, and base your decision solely on the evidence.

QUESTIONS FROM THE BENCH

## **JURY INSTRUCTION NO. __**

During the course of a trial, I occasionally asked questions of witnesses, in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related. Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts. At times throughout the trial, the court has been called upon to pass on the admissibility of certain offered evidence. You should not be concerned with the court's rulings or the reason for them. Whether evidence which has been offered is admissible or is not admissible is purely a question of law, and from a ruling on such a question you are not to draw any inference. In admitting evidence, to which an objection has been made, the court does not determine what weight should be given to such evidence. You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objections.

TYPES OF EVIDENCE: DIRECT, INDIRECT, AND CIRCUMSTANTIAL

**JURY INSTRUCTION NO. ___**

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case.  One is direct evidence--such as the testimony of an eyewitness.  At the beginning of this trial, I advised you that evidence consists of what you have observed in the form of testimony and exhibits originating from the witness stand.  The other type of evidence is indirect or circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

EVIDENCE PRODUCED BY AN ADVERSARY

## JURY INSTRUCTION NO. __

In determining the issues presented, you should consider all the evidence bearing upon the issue, regardless of who produced the evidence. A party is entitled to the same benefit from the evidence that favors him when that evidence is produced by his adversary as when it is produced by himself.

GUESSING & REASONABLE INFERENCES

**JURY INSTRUCTION NO. __**

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts in this case. In your consideration of the evidence, you may consider the testimony of the witnesses, the documents, or other real evidence admitted into evidence, and you also are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your own experience. Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

STATEMENTS BY COUNSEL, STIPULATIONS, NATURE OF EVIDENCE & OBJECTIONS

## JURY INSTRUCTION NO. __

The statements and arguments of counsel are not evidence and should not be considered as evidence unless any such statements were made as a stipulation conceding the existence of a fact or facts.  When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as conclusively proved. In this case, the parties have stipulated to [insert pretrial stipulations].

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.  Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.  Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

CREDIBILITY OF WITNESSES

## JURY INSTRUCTION NO. __

In determining the issues of fact submitted to you, you will consider and weigh the testimony of all of the witnesses who have testified at this trial, as well as all the circumstances surrounding the rendering of that testimony. You will also consider and weigh all of the documents that have been admitted into evidence.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You should carefully scrutinize the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of inconsistencies or discrepancies, you should consider whether they pertain to a matter of importance or an unimportant detail, and whether they result from innocent error or willful falsehood.

After you have considered all of the factors bearing upon the credibility of a witness which I have mentioned to you, you may conclude to reject all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness.  In other words, you may give the testimony of any witness such credibility and weight, if any, as you may think it deserves.

NUMBER OF WITNESSES

## JURY INSTRUCTION NO. __

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses, which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence, which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

EXPERT WITNESSES

## JURY INSTRUCTION NO. __

      The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

      You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

USE OF DEPOSITIONS AT TRIAL

## JURY INSTRUCTION NO. __

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath (or on a video recording played on a television set).  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

USE OF INTERROGATORIES AT TRIAL

## JURY INSTRUCTION NO. __

      Each party has introduced into evidence certain interrogatories–that is, questions, together with answers signed and sworn to by the other party.  A party is bound by his sworn answers.  By introducing an opposing party's answers to interrogatories, however, a party does not bind himself to these answers, and he may challenge them in whole or in party or may offer contrary evidence.

BURDEN AND STANDARD OF PROOF—PREPONDERANCE OF THE EVIDENCE

**JURY INSTRUCTION NO. __**

The party who asserts a claim or affirmative defense has the burden of proving it by what we call the preponderance of the evidence.  To prove by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that it is more likely true than not true.  In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.  If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

SPECIFIC INSTRUCTIONS

## JURY INSTRUCTION NO. __

The instructions which I have just given to you are more or less of a general nature applicable to all civil suits before this court.

I will now give you the specific charges that set forth the law of this case.

TAXES

## **JURY INSTRUCTION NO. ___**

      Any compensatory damages awarded to the plaintiff are not income within the meaning of Federal and Maryland income tax laws and the plaintiff will not owe or have to pay any income tax on the amount awarded as damages. Therefore you should not add an amount to any award to compensate for anticipated taxes.

SPECIAL VERDICT FORM

## JURY INSTRUCTION NO. __

In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are submitted to you by the Court.  Your answers will constitute your verdict.  Each answer is to be written in the space provided after each question.  Before making each answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case.

CONCLUDING REMARKS

## JURY INSTRUCTION NO. __

In conclusion, let me remind you that your verdict must be unanimous, reflecting the judgment of each and every one of you. Consider it in the jury room deliberately and carefully, in the light of the instructions which I have given you, and use the same common sense and the same intelligence that you would employ in determining any important matter that you have to decide in the course of your own affairs.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, Juror Number One will act as your foreperson. (S)he will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the bailiff. Never attempt to communicate with the court except in writing. And bear in mind always that you are not to reveal to the court or to any person how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

When you have reached a unanimous agreement as to your verdict, please notify the bailiff and you will return to the courtroom with your verdict. Now, when you return to the courtroom, the clerk will ask you, have you arrived at a verdict and who shall say for you. Your answer will be, "our foreperson." Your foreperson will then rise and give the verdict.

# INSTRUCTIONS TO COUNSEL REGARDING TRIAL PROCEDURE AND CONDUCT[4]

1. **Efficient Use of Courtroom Time**

You must always be on time. You must anticipate objections in order to avoid unnecessary bench conferences. When the jury is present, virtually every minute should be spent taking testimony.

2. **Exhibits**

A. You must pre-mark exhibits.

B. You should not formally move exhibits into evidence. Under Local Rule 107.5.b they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.

C. You may circulate exhibits to the jury without asking permission of the court provided you then continue with questioning.

D. If you plan to use exhibit books, you must first confer with opposing counsel about their contents and bring to the attention of the court any matters in dispute. You must provide copies for one lawyer per party, a copy for the witness, a copy for the judge, and (at your option) a copy for each juror.

3. **Witnesses**

A. You must treat witnesses with courtesy and respect and address them by their surnames (except persons under the age of 18).

B. You may not appear to address yourself to jurors when questioning a witness.

4. **Prohibited Questions and Remarks**

A. You may not ask a witness whether it "would surprise you to know" that a certain event occurred.

B. You may not ask "if I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying?" or "not telling the truth?")

C. You may not remind a witness that he is under oath or ask whether he expects the jury to believe his testimony.

5. **Movement In The Courtroom**

A. You must stand when addressing the court.

B. You may (unless recording or amplification equipment otherwise requires) ask questions of a witness from any fixed location in the well of the court but you may not ask questions while pacing around the courtroom.

---

[4]These instructions are based in part on Local Rule 107. You must be fully familiar with all of the provisions of that Rule.

C. You may approach a witness to show an exhibit without prior approval of the court but may not do so for any other reason.

D. When addressing jurors, you must stand a respectful distance away from them.

## 6. Objections
You may not make speaking objections or, unless invited to do so by the court, argue rulings in front of the jury.

## 7. Opening Statements and Closing Arguments
A. Unless otherwise ordered by the court, no opening statement or closing argument (including rebuttal argument) shall exceed one hour.

B. You must show opposing counsel any exhibit or demonstrative aid you intend to display to the jury during opening statement or closing argument and any new demonstrative aid you intend to display during closing argument.

C. During closing argument you may not state your personal opinion as to the merits of your case, the credibility of a witness, or the culpability of a civil litigant, or guilt or innocence of an accused.

## 8. Exclusion of Witnesses Rule and Talking to Witnesses on the Stand
Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule. Local Rule 107.14 describes when counsel may talk to a witness on the stand.

## 9. Cell Phones and Other Electronic Devices
You must turn off (and instruct your clients and witnesses to turn off) all sound on cell phones and other electronic devices before entering the courtroom.

## 10. Food and Drink
You may not bring any food or drink (other than water) into the courtroom.  If you want to use bottled water, you must pour it into the pitchers provided by the court.

## 11. Use of Courtroom Telephone Prohibited
You may not use the courtroom telephone unless authorized by the court.